**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROCHELLE L SMITH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | NO. 4:23-CV-00379-O-BP |
| | § | |
| **GENERAL MOTORS, LLC,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**BRIEF IN SUPPORT OF DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant General Motors, LLC ("GM" or "Defendant") files this Brief in Support of

Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff Rochelle L Smith's ("Smith" or "Plaintiff")

Second Amended Complaint [Doc. 25] (the "Complaint"), and respectfully shows the Court as

follows:

**I.      INTRODUCTION**

Plaintiff is suing GM, her former employer, for alleged disability discrimination, under

both the Americans with Disabilities Act ("ADA") and the Texas Commission on Human Rights

Act ("TCHRA"). Plaintiff's Complaint is subject to dismissal with prejudice under Rule 12(b)(6)

for two reasons: (1) with regard to her ADA claims, Plaintiff failed to commence her lawsuit within

90 days of the date she received—via download from the Equal Employment Opportunity

Commission's ("EEOC") online portal—her notice-of-right-to-sue letter; and (2) with regard to her

TCHRA claims, Plaintiff has failed to sufficiently allege facts that, taken as true, demonstrate she

exhausted her state administrative remedies and an opportunity to amend the Complaint would be

futile.

## II.      BACKGROUND

According to her Complaint, Plaintiff filed a charge of discrimination (the "Charge") with the EEOC on or about December 19, 2022, alleging that she was discriminated against on the basis of an alleged disability. Doc. 25, at ¶ 34; Doc. 3, at p. 7.

Plaintiff's Complaint further alleges that the EEOC *issued* a Dismissal and Notice of Right to Sue letter (the "RTS Letter") with respect to the Charge on December 22, 2022. Doc. 25, at ¶ 35.

Although Plaintiff's Complaint does not allege when she *received* the RTS Letter, the EEOC's records demonstrate that Plaintiff downloaded the RTS Letter from the EEOC's online portal the same day it was issued (*i.e.*, on December 22, 2022) at 4:26 p.m. APP. 013 ("12/22/2022 16:50 The Charging Party has Downloaded Document. Type: Closure Notice/NRTS & FileName:2022.12.22 Closure Notice 450-2022-03319.pdf").[1]

Importantly, Plaintiff's Complaint does not allege whether the Charge was dual filed with the Texas Workforce Commission ("TWC"). *See generally* Doc. 25. Nor does it allege when (or whether) she received a notice-of-right-to-sue letter from the TWC. *Id.*

Plaintiff filed her Original Complaint [Doc. 3] in this matter on March 22, 2023, a date that is more than 90 days from the date Plaintiff downloaded the RTS Letter from the EEOC's online portal. *See generally* Doc. 3.

## III.      RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d

---

[1] The Court may consider documents concerning the issuance of the RTS Letter without converting GM's motion into one for summary judgment because the RTS Letter is discussed in (and is central to) the claims asserted in the Amended Complaint. *See Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000).

925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). "A dismissal with prejudice is appropriate when amending a complaint would be futile." *Taubenfeld v. Hotels.com*, 385 F. Supp. 2d 587, 592 (N.D. Tex. 2004) (citing *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

## IV.   ARGUMENTS AND AUTHORITIES

### A.  Plaintiff's ADA Claims Should Be Dismissed with Prejudice as Untimely Filed.

Plaintiff's ADA claims  should be dismissed with prejudice because Plaintiff's lawsuit was untimely filed. Under the ADA, a plaintiff must exhaust administrative remedies before pursuing employment discrimination claims in federal court. *See Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017). Exhaustion occurs when the plaintiff files a timely charge with the

EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket,* 96 F3d 787, 788-89 (5ᵗʰ Cir. 1996). A plaintiff has 90 days from receipt of the notice-of-right-to-sue letter from the EEOC to file a lawsuit. *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (per curiam). The requirement that a plaintiff file a lawsuit within this 90-day period is "strictly construed," and courts in the Fifth Circuit routinely dismiss cases where a complaint is filed after expiration of the 90-day limitations period. *See, e.g., Taylor v. Books A Million, Inc.,* 296 F.3d at 379, 378-79 (affirming dismissal of claims under 12(b)(6) where the lawsuit is filed one day late).

Ordinarily, commencement of the 90-day period begins to run on the day that notice is received at the address supplied to the EEOC by the charging party. *Garcia v. Penske Logistics, LLC.,* 631 Fed. App'x 204, 208 (5ᵗʰ Cir. 2015) (quoting *Bowers v. Potter,* 113 Fed. App'x 610, 612 (5ᵗʰ Cir. 2004)); *see also Taylor,* 296 (referring to *Baldwin County Welcome Ctr. V. Brown,* 466 U.S. 147, 148 n. 1 (1984) (presuming the plaintiff received a right-to-sue letter three days after delivery based upon FED. R. CIV. P. 6(e)). However, in 2017 the EEOC launched its online portal, allowing the EEOC to communicate directly with charging parties and respondents electronically.[2] Since its launch, courts considering the issue have held that, where the notice-of-right-to-sue letter is made available through the EEOC's online portal, the commencement of the 90-day deadline begins when the plaintiff downloads the notice-of-right-to-sue letter. *See Farajolah v. Victory Auto. Group, Inc.,* 2021 WL 5449001, at *2 (W.D. Tenn. Nov. 22, 2021) (granting dismissal of the plaintiff's discrimination claim under 12(b)(6) and holding that the plaintiff received notice of her right to sue the day she downloaded the notice-of-right-to-sue letter from the EEOC's online portal);

---

[2] *See https://eeoc.gov/newsroom/eeoc-launches-online-services-inquiries-appointments-and-discrimination-charges*, last accessed on May 18, 2023. The Court may take judicial notice of the coverage and existence of this press release from the EEOC. *See, e.g., Washington Post v. Robinson,* 935 F.2d 282, 291 (D.C. Cir. 1991) (allowing judicial notice of articles available to the public).

*Paniconi v. Abington Hospital-Jefferson Health,* ---F.Supp.3d---, Case No. 21-5384, 2022 WL 1634224, at *2 (E.D. Penn. May 24, 2022) (same); *Taylor v. Northwestern Mem. Hosp., et al.,* 521 F.Supp.3d 714, 717-18 (N.D. Ill. 2021) (granting summary judgment under the same rationale).

Here, Plaintiff's Complaint states that the RTS Letter was issued on **December 22, 2022**. Doc. 25, at ¶ 35. However, Plaintiff's Complaint fails to state when she received the RTS Letter. *See generally* Doc. 25. Nevertheless, according to the EEOC's records, Plaintiff logged onto the EEOC's online portal and downloaded the RTS Letter on **December 22, 2022**, at 4:26 p.m., *i.e.*, the same day that the EEOC issued the RTS Letter. APP. 013 ("12/22/2022 16:50 The Charging Party has Downloaded Document. Type: Closure Notice/NRTS & FileName:2022.12.22 Closure Notice 450-2022-03319.pdf"). Plaintiff, therefore, had actual notice of her obligation to file suit within 90 days—or by **March 22, 2023**—as of that date.  Plaintiff, however, did not file this lawsuit until **March 24, 2023**—a date which is 92 days from the date Plaintiff downloaded the RTS Letter. Accordingly, the Court should dismiss Plaintiff's ADA claims with prejudice.

### B. Plaintiff's TCHRA Claims Should Be Dismissed Because Plaintiff Failed to Exhaust Her State Administrative Remedies.

"The [TCHRA] requires the exhaustion of state remedies as a jurisdictional prerequisite." *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir.2001) (citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991)). "If a complainant fails to exhaust his [or her] state administrative remedies, the [TCHRA] jurisdictionally bars [the] court from hearing the case regardless of equitable and policy concerns." *Id.* (citing *Zevator v. Methodist Hosp. of Houston*, 1995 WL 500637, at *2 (S.D. Tex. Mar. 30, 1995); *Ridgway's Inc. v. Payne*, 853 S.W.2d 659, 663 (Tex. App. 1993, no writ)).

"In order to comply with this exhaustion requirement, an employee must: (1) file a complaint with the [TWC] within 180 days of the alleged discriminatory act; (2) allow the [TWC]

to dismiss the complaint or resolve the complaint within 180 days before filing suit; and (3) file suit no later than two years after the complaint is filed." *Wiltshire v. Humpal Physical Therapy, P.C.*, 2005 WL 2091092, at \*2 (Tex. App. Aug. 31, 2005, no pet.) (unpublished opinion); *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex. App. 2002, no pet.). A complaint filed with the EEOC and forwarded by the EEOC to the TWC satisfies the filing requirements of the TCHRA. *See Price v. Phila. Am. Life Ins. Co.*, 934 S.W.2d 771, 773–74 (Tex. App. 1996, no writ). "[E]xhaustion occurs when the complainant files a timely charge with the commission and waits 181 days to file suit." *City of Houston*, 63 S.W.3d at 922.

Here, Plaintiff's Complaint does not even allege that she filed a complaint with the TWC. *See generally* Doc. 25. Indeed, Plaintiff's Complaint only alleges that the Charge was filed with the EEOC. *See* Doc. 25, at ¶ 34. Even assuming the Charge was forwarded by the EEOC to the TWC, the earliest the Charge could have been forwarded to the TWC is the same date that it was filed with the EEOC, *i.e.*, December 19, 2022. But December 19, 2022, is more than 180 days after the latest alleged discriminatory act. *See id.* at ¶ 30 (alleging that Plaintiff was informed of her termination of employment on March 8, 2022); *see also* Doc. 3, at p. 7 (stating that the latest date the alleged discrimination took place was on March 8, 2022). Thus, even assuming the EEOC forwarded the Charge to the TWC, the earliest the Charge would have been forwarded to the TWC is **286 days** after the latest alleged discriminatory act, which is well-after the 180-day deadline. *See Wiltshire*, 2005 WL 2091092 at \*2; *see also City of Houston*, 63 S.W.3d at 922. Plaintiff has, therefore, failed to exhaust her state administrative remedies and the Court should dismiss Plaintiff's TCHRA claims. And because any amendment would be futile, such dismissal should be with prejudice. *See Taubenfeld*, 385 F. Supp. 2d at 592.

Plaintiff has further failed to exhaust her state administrative remedies because, again, even assuming the EEOC forwarded the Charge to the TWC on or after December 19, 2022, Plaintiff has not alleged that the TWC dismissed the Charge prior to filing this lawsuit. *See generally* Doc. 25. And, if the TWC had *not* dismissed the Charge (again, assuming the Charge was even forwarded by the EEOC to the TWC) prior to Plaintiff filing this lawsuit, Plaintiff also failed to allow the TWC at least 180 days to resolve the Charge before filing suit. *See Wiltshire*, 2005 WL 2091092 at *2; *see also City of Houston*, 63 S.W.3d at 922. Indeed, Plaintiff filed this lawsuit only **93 days** after filing the Charge with the EEOC (which, again, is the earliest date the EEOC could have forwarded the Charge to the TWC). In fact, as of the date of the filing of this Motion, only **156 days** have lapsed between the date Plaintiff filed the Charge with the EEOC and the date she filed this lawsuit. As such, Plaintiff has further failed to exhaust her state administrative remedies and the Court should further dismiss Plaintiff's TCHRA claims with prejudice.

## V.     CONCLUSION

Defendant General Motors, LLC, respectfully requests that the Court dismiss, with prejudice, Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) because (1) Plaintiff did not timely file suit with respect to her ADA claims, and (2) Plaintiff failed to exhaust her state administrative remedies with respect to her TCHRA claims. Defendant also requests that the Court otherwise award Defendant all other relief to which it may be justly entitled.

Dated: May 24, 2023                                   Respectfully submitted,


                                                      /s/ Jonathan G. Rector
                                                      Jonathan G. Rector
                                                      Texas Bar No. 24090347
                                                      M. Collin Quigley
                                                      Texas State Bar No. 24100928

                                                      LITTLER MENDELSON, P.C.
                                                      2001 Ross Avenue, Suite 1500
                                                      Dallas, TX  75201.2931
                                                      214.880.8100
                                                      214.880.0181 (Fax)
                                                      jrector@littler.com
                                                      cquigley@littler.com

                                                      ATTORNEYS FOR DEFENDANT
                                                      GENERAL MOTORS, LLC


                          **CERTIFICATE OF SERVICE**

        I hereby certify that on May 24, 2023, the foregoing was electronically filed in the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

        Rochelle L. Smith, Pro Se
        409 Ave E
        Dallas, Texas 75203
        rosmithfirm@gmail.com

        PRO SE PLAINTIFF


                                                      /s/ M. Collin Quigley
                                                      M. Collin Quigley


4862-4186-4549.1 / 114667-1021