IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROCHELLE L. SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00379-O-BP |
| § | |
| GENERAL MOTORS, LLC, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Motions for Entry of Default and Default Judgment (ECF Nos. 32, 38), Defendant's Response to the Motion (ECF No. 40), Plaintiff's Notice of Interlocutory Appeal (ECF No. 41), and Motion to Stay the Notice of Appeal (ECF No. 45). After reviewing the pleadings and applicable legal authorities, the undersigned recommends that United States District Judge Reed O'Connor **DENY** Plaintiff's Motions for Entry of Default and Default Judgment (ECF Nos. 32, 38) and Motion to Stay the Notice of Appeal (ECF No. 45).

Defendant previously filed a Motion to Dismiss, Brief in Support, and Appendix in Support. ECF Nos. 26-28. Plaintiff filed a Response and Brief in Opposition (ECF No. 30, 31), and Defendant filed a Reply (ECF No. 36). In its Reply, Defendant partially withdrew its Motion as it pertained to Plaintiff's claim under the Americans with Disabilities Act ("ADA") due to a clerical miscalculation of dates relating to Plaintiff's right to sue. ECF No. 36 at 1-2. The Motion remains in effect for Plaintiff's other claims. *Id.* at 2-3.

Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, Defendant's filing of the Motion to Dismiss alters the deadline for Defendant to file an answer to Plaintiff's Second Amended Complaint to fourteen days after notice of the Court's denial of the Motion to Dismiss.

Fed. R. Civ. P. 12(a)(4). The rule does not specifically address the effect of a partial motion to dismiss. *See id.* And, although "[t]he Fifth Circuit does not appear to have squarely addressed the question whether a motion for partial dismissal triggers Rule 12(a)(4) tolling of time for the defendant to answer, almost all existing authority indicates that it does." *Banik v. Thompson*, No. 7:16-cv-00462, 2017 WL 11713709, at *2 (S.D. Tex. Dec. 11, 2017) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed. 2019); *Talbot v. Sentinel Ins. Co., Ltd.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012) (collecting cases holding that a partial motion to dismiss tolls the time to respond under Rule 12(a)(4).

Even though Defendant's Motion to Dismiss is now a partial motion to dismiss (given Defendant's partial withdrawal), Defendant still is entitled to fourteen days after notice of the Court's action on that partial motion to file an answer to Plaintiff's Second Amended Complaint. *See Banik*, 2017 WL 11713709 at *2. Because the Court has not yet ruled on Defendant's Motion to Dismiss (ECF No. 26), Plaintiff is not entitled to entry of default or a default judgment. Therefore, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motions for Entry of Default and Default Judgment as premature (ECF Nos. 32, 38).

Plaintiff also filed a Notice of Interlocutory Appeal to the United States Court of Appeals for the Fifth Circuit appealing the Clerk's denial of her Entry of Default (ECF No. 32). On July 2, she filed a Motion to Stay that Notice of Appeal (ECF No. 45). In general, an appeal may be taken only from a final judgment or order disposing of all claims against all parties and leaving nothing for the district court to do but execute the judgment. 28 U.S.C. § 1291.

An exception applies where a federal court of appeals may hear an appeal of an interlocutory order under 28 U.S.C § 1292(b) and the Federal Rules of Appellate Procedure.

However, the standard for an interlocutory appeal is difficult to meet. *Clark-Dietz and Associates-Engineers v. Basic Constr. Co.,* 702 F.2d 67, 69 (5th Cir. 1983). It requires permission from both the district court and the court of appeals. *Id.* Section 1292(b) requires the district judge to certify that an interlocutory order can be appealed and that three elements exist: (1) the order "involves a controlling question of law"; (2) that question has "substantial ground for difference of opinion"; and (3) allowing "an immediate appeal…may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 292 (5th Cir. 2007).

Because the Court has not yet entered a final judgment and Plaintiff has not requested and obtained certification for an interlocutory appeal, Plaintiff's Notice of Appeal is premature. Her request for a premature filing is procedurally improper under Federal Rule of Appellate Procedure 8(a)(1). Accordingly, the Court should not enter a stay of her Notice of Appeal, and the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion to Stay (ECF No. 45).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on July 7, 2023.

_____<br>
Hal R. Ray, Jr.<br>
UNITED STATES MAGISTRATE JUDGE