IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROCHELLE L. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00379-O-BP |
| | § | |
| GENERAL MOTORS LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Rule 12(b)(6) Motion to Dismiss, Brief in Support, and Appendix filed by Defendant General Motors LLC ("GM") on May 24, 2023 (ECF Nos. 26, 27, and 28, respectively); Opposition and Supporting Brief filed by Plaintiff Rochelle L. Smith ("Smith") on June 4, 2023 (ECF Nos. 30, 31); GM's Reply to the Motion, filed on June 20, 2023 (ECF No. 36); and Smith's Sur-Reply (ECF No. 37) that Smith filed on June 22, 2023. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion **in part** and **DISMISS** Smith's claims under the Texas Commission on Human Rights Act (the "TCHRA") **with prejudice.**

**I.    BACKGROUND**

Smith began working as a forklift operator at the GM Arlington Plant on February 24, 2020. ECF No. 25 at 2-3. She was injured on the job on August 29, 2020. *Id.* at 2. Smith alleges that she was disabled because of her injuries and that GM discriminated against her because of her disability. *Id.* at 5-10. GM terminated Smith's employment on March 3, 2022. *Id.* at 10.

Smith filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 19, 2022. *Id.* at 11. In the charge, Smith alleged

that GM violated the Americans with Disabilities Act ("ADA"). *Id*. On December 22, 2022, the EEOC issued Smith a right to sue letter. *Id*. Smith filed the instant case in the Dallas Division of the Court on March 22, 2023. ECF No. 3. The Honorable David L. Horan transferred the case to this division on March 28, 2023. ECF No. 9. Smith filed her Second Amended Complaint on May 22, 2023. ECF No. 25. In that pleading, Smith alleges that GM discriminated against her based on a disability in violation of the ADA and the Texas Commission of Human Rights Act ("TCHRA"). *Id.* at 5. GM moved to dismiss Smith's case, arguing that her ADA and TCHRA claims were untimely, and that Smith did not exhaust her state administrative remedies as to her TCHRA claims. ECF No. 27. GM's Motion is now ripe for review.

## II.   LEGAL AUTHORITIES

### A.   12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the

plaintiff's pleadings that the action is barred[,]" and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### B.   Pro Se Parties

The Court analyzes a pro se party's pleadings less rigidly than those of a represented party. "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed pro se . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

## III.   ANALYSIS

### A.   Smith's ADA claim is timely.

In its Reply Brief in Support of its Motion to Dismiss, GM withdrew its Motion regarding only Smith's ADA claims. ECF No. 26. Accordingly, GM's Motion no longer is pending before the Court as it relates to those claims only.

### B.   Smith's TCHRA claims are untimely.

Before a plaintiff can sue in federal court for violations of Title VII, "she must first file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996). A plaintiff must file a complaint with the EEOC within 180 days of the alleged incident of discrimination or risk dismissal of her claims. *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1304 (5th Cir. 1979) (holding that because plaintiff did not file a complaint with the

EEOC within 180 days, her suit was time barred under 42 U.S.C. s 2000e-5(e) and was properly dismissed for want of jurisdiction). But if the discriminatory practice occurred in a state with a fair employment agency that grants relief, such as Texas, Title VII permits the complainant to file her charge with the state or local agency. *Fort Bend Cnty., Texas* v. *Davis*, 139 S. Ct. 1843, 1846 (2019). The complainant then has 300 days following the challenged practice, or 30 days after receiving notice that state or local proceedings have ended, whichever is earlier, to file a charge with the EEOC. *Id*.

To state a claim under the TCHRA, a plaintiff must file a charge of discrimination with the EEOC or the Texas Workforce Commission ("TWC") within 180 days after the alleged unlawful employment action. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004). Like Title VII, the TCHRA limitations period is "mandatory and jurisdictional." *Id.*; *see also Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).

Proper administrative exhaustion is not a technicality or procedural "gotcha," but rather an integral due process protection that affords defendants fair notice of potential claims. *McClain*, 519 F.3d at 272. A plaintiff must exhaust her available remedies "before seeking judicial relief" *Id*. at 273. A plaintiff's *pro se* status does not alter the analysis or otherwise turn this requirement into a suggestion. *See, e.g.*, *Cruce*, 703 F.2d at 863; *Taylor*, 296 F.3d at 378-79; *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997).

It is undisputed that Smith did not file her claim of discrimination with the EEOC until "289 days after the [alleged] discriminatory act." ECF No. 31 at 10. Thus, her TCHRA claims are untimely. Smith argues that her filing a charge of discrimination with the EEOC constituted a dual filing with the Texas Workforce Commission under the THRCA and that a timely filing with the EEOC constituted a timely filing with the TWC. Therefore, Sykes had until May 9, 2020, to file a

TCHRA claim. ECF No. 31 at 10-11. However, under established legal precedent, a claimant must file a charge for violation of the TCHRA within 180 days after the violation occurred notwithstanding whether a similar charge of discrimination under federal law was timely filed with the EEOC. "[W]hether a plaintiff filed a timely charge for his or her federal claims has no impact on the analysis whether a plaintiff filed a timely charge for his state claims." *Barr v. Stripes L.L.C.*, No. 21-20278, 2022 WL 1044695, at *5 (5th Cir. Apr. 7, 2022). "Texas law requires that a claimant seeking to file suit for employment discrimination must first file a complaint with the TWC within 180 days of the unlawful employment practice." *Id*. at 84 (citing Tex. Lab. Code § 21.202(a) (West 2023)). *See also Trevino v. Mouser Electronics*, No. 4:22-CV-610-P, 2023 WL 3984668 (N.D. Tex. May 11, 2023), *rec. accepted*, 2023 WL 3984840 (N.D. Tex. June 2023); *Doe v. University of Texas M.D. Anderson Cancer Center*, No. 4:21-CV-1356, 2023 WL 1111832 (S.D. Tex. Jan. 30, 2023).

Because Smith did not file her claim for violation under the TCHRA until more than 180 days after the violation occurred, she did not exhaust her administrative remedies under the TCHRA. *Trevino*, 2023 WL 3984668 at *3. Therefore, unless equitable tolling applies, Smith's TCHRA claims are barred. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is . . . a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). "Equitable tolling is to be applied "'sparingly.'" *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The plaintiff has the burden of justifying the tolling. *Id.* The Fifth Circuit has described three bases for equitable tolling. *Id*. A plaintiff may show either "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's unawareness of the facts giving rise to the claim because of the defendant's

5

intentional concealment of them; [or] (3) the EEOC's misleading the plaintiff about the nature of her rights. *Id*. This list, however, is not exhaustive and "leaves the door open" for a court to recognize other exceptions. *Id*. Additionally, the Court is more forgiving "when a claimant or her attorney has exercised due diligence in pursuing her right." *Id*.

None of the bases for equitable tolling apply here. Smith and GM did not have a suit between them in a wrong forum. GM did not intentionally conceal facts giving rise to Smith's claims under the TCHRA. Neither the EEOC nor the TWC mislead Smith about the nature of her rights. Finally, Smith has not shown due diligence in filing her claim with the TWC. Accordingly, the Court should dismiss Smith's claims under the TCHRA.

### C.     The Court Should Dismiss Smith's TCHRA Claims With Prejudice.

Because courts prefer to decide cases on their merits rather than technicalities, Rule 12 dismissals such as the one recommended here ordinarily are made without prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002). But dismissal with prejudice is appropriate when a plaintiff could not successfully bring her claim even if given the opportunity to amend it and fix its facial deficiencies. *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016). Smith's claims against GM under the THRCA are time-barred, and any further amendments to the complaint, which Smith already has amended twice, would be futile because they could not cure the untimely filing of Smith's THRCA claims with the TWC. Under these circumstances, dismissal with prejudice is appropriate.

### IV.    CONCLUSION

GM no longer asserts that Smith did not timely file her claims under the ADA. However, the record shows that Smith did not timely file her TCHRA claims. Equitable tolling does not apply, and the Court should dismiss those claims. Because Smith could not cure the time bar

through amending her Second Amended Complaint, any such amendment would be futile, and dismissal of those claims with prejudice is proper. Thus, after considering the pleadings and applicable legal authorities, and noting that any amendment of Smith's claims under the TCHRA would be futile, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT in part** GM's Motion to Dismiss (ECF No. 26) and **DISMISS with prejudice** Smith's claims under the TCHRA.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 24, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE